United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Thank you Ms. Tisa. This is Beverly Martin and Judge Grant and Judge Brasher and I were just kind of looking forward to the future when we can all be in Miami in person. We're not there yet so we're grateful to be able to be with you this way. I think council is familiar with the stoplight system we have for timing. I'm gonna try to enforce it and I think I'm batting a thousand mispronouncing people's names this week but I'll try anyway. So I'll call the case of Joann Yusko versus NCL. Yes, may it please the court. Philip Parrish on behalf of the appellant Joann Yusko. It's a pleasure to be here with court virtually this morning. We are here on de novo review of a summary final judgment granted below. We asked the court to reverse that summary judgment because the district court erred by essentially ruling that Ms. Yusko had to prove the impossible which is that NCL had prior notice of a spontaneously negligent act and that's simply not possible. Now the ruling is contrary to over a century of maritime authority holding that owners are of a vessel are vicariously liable for the negligent acts of their employees. Here stipulated below that crew member Caskey was in the course and scope acting in course and scope of his employment at the time of this incident. So the issue simply is you know was he negligent that the owner of the vessel the employer is then liable without fault and that case law was addressed it's been addressed by this court many times beginning in 1911 by the predecessor court in Fifth Circuit in ramjack Judge Marcus in his opinion and friends and I I don't usually do this but I cited about two full pages of Fran's the decision and the initial brief because he cataloged authority from all of this court sister courts from this court and even a non maritime context from the United States Supreme Court and there in the restatement of agency principles which apply here and say that so long as the employee who directly injures a passenger in this case is acting in the course of scope employment then the employer is liable without fault they don't therefore notice which is a necessary fact that needs to be proven in most of the cases that this court sees most of the tort cases that you see arising against the cruise lines because they arise out of a dangerous condition premises liability exactly the premises liability cases there's a negligent condition that uh whether it's a vessel or on land that's basically the law on land as well the property owner has to have some notice either actual or constructive that they do have a dangerous condition uh on their vessel or on their property but that simply isn't the case or the facts established that it is a direct injury by an employee's action which it was unquestionably in this case. So uh could you could you address for me I think the the issue I'm having some concerns about is the waiver issue because I found your appellants brief to be persuasive but then I looked at what you said at the district court and you didn't really say much at all at the district court. Well yeah um fair fair question Judge Brasher uh it would have been better had the trial counsel cited to Franza and all the cases all the arguments were made uh there's no times in the motion response to motion summary judgment both in response to the open and obvious arguments where trial counsel wrote NCL's argument that the danger was open and obvious must be rejected because this is not a premises liability case in which a property owner can be excused from his duty to warn about an obvious hazards on his property. Then in response to the issue of whether there was notice uh trial counsel argued NCL's argument that it was not on notice of the danger must be rejected because the no notice defense does not apply to cases in which a defendant takes a direct action and injures a plaintiff. Notice is presumed under such a circumstance because it is presumed that the defendant has notice of its own actions. It could have certainly could have been better stated and should have had some authority cited there. The indicate that the motion was not well taken. NCL's motion for summary judgment on the issue of notice given the facts of this case was not well taken. Uh I indicated the brief that the district courts should not have granted it even if there hadn't been a response filed at all because notice under these facts simply is not required. I agree with you Judge Brasher. There certainly uh you know should have been um case law to flesh that out. Uh and that would have been better. But the legal principles are well established by over a century of maritime law. Uh it seems like to me that the district court ruled on it. Uh as a threshold matter, the court addresses plaintiff's argument that notice of the risk creating condition is presumed where injury is caused by a defendant's direct action. I mean that's what the district court said. No, the district court understood the I have some sympathy obviously for judge more because again it would have been better to have cited some case law to him. I'm not gonna run away from that uh fact but he did address the issue. Um if you look at the facts that were alleged and also the pretrial stipulation which had been filed by the time that was going on, there were three footnotes in that pretrial stipulation because the defendant's position was that you had to whether there was an unreasonably dangerous condition existed, there was a footnote drop and and it said plaintiff's position is that this contested fact is not an issue because this is not a case involving a quote dangerous condition close quote but rather a case involving an employee who acted negligent negligently. That's D. E. 78. Um and in the joint statement of the case, not not the plaintiff statement but the joint statement, the following appears. Ms Yusko alleges that the N. C. L. Employee whom she was paired with in this contest in the contest was negligent in the way he led her through various dance moves and she alleges that the employee's negligence caused her to fall to the floor and suffer a head and brain injury. It's clear that this was a bike. Mr Parrish, I was wondering, I had less concern about that because you did not. Your client did not move for summary judgment, correct? I believe that's correct. Yeah. So you were only responding to the arguments made by N. C. L. Right. So is there, is there a requirement when responding to someone else's mission for summary judgment to put all of your arguments on different topics on which they have not moved before the district court? There may be, but I'm not aware of it. Well, so in this case they moved for summary judgment saying that like in most premises liability cruise line cases, there was no evidence of notice and the response was we don't need to show notice. That's not an element of our claim because our claim does not involve a dangerous condition that does respond to the argument. Uh, I think I cited an old Fifth Circuit case and I motion isn't well taken, then quite frankly, there doesn't even have to be a response or shouldn't be granted if there is, even if there isn't a response because the motion itself that N. C. L. Filed is defective. If you take into account everything they say, they're still not entitled to summary judgment. Again, had I been involved and you know, it would have been better to have decided some of the case law that I've cited in the brief. But that does not, I don't know, I don't know that we would have been able to get away from the fact that in C. L. S motion was simply not well taken from the get go. I also think that this is an opportunity for the court to, um, to clarify the law on an important point. Um, I can tell you I've got another appeal pending before this court that's gonna raise the same issues. Uh, it's it's uh, you know, that talks about how important notice is. I know Judge Martin, you uh, explored that in Tessa. I'm gonna I'm gonna butcher that name. Tessa Riero. I'm glad that somebody else and not me. Right, right. That was me, not Judge Martin. But okay, I'm sorry. You're right. I knew it was somebody's panel. I'm sorry. Uh, but uh, yeah, it's an area that I think, uh, needs to be, uh, fleshed out. It is a, uh, an exception, I think, uh, to the typical case where it is a dangerous condition. I think that in this court in Dove pointed out when it was dealing with an intentional tort that Kermarack and all of its prior authority like Keith and Everett deal with dangerous conditions on the premises and therefore noticed is a fact which needs to be proven. Let me ask you a question about that, about the line that you would have a straw there because I'm curious about that. So there's that case that unpublished case that we have. I forget the name of it, where, you know, barista spills the coffee and it's sort of this mix of premises liability versus negligence. Um, what? What kind of line would we draw? Um, about that? So in this case, it's easy because it's a direct injury by the, uh, crew member. Now, casino, as I indicated in the brief, um, was pled, tried and decided on appeal under standard premises liability construct. Given the facts that appear that appear that they could identify this specific person who had, um, drop. I mean, I see I'm running out of time, but if I may finish this, uh, the it should have and could have been, uh, litigated on a vicarious liability theory. I mean, you know, I would say if you can sue the you know, the person who's responsible and you could sue them individually, Miss Yusko could have sued Mr Cassidy, the crew member individually. Now, we don't do that typically. Um, when when you have a corporate employer that's do that, then I would think it's a vicarious liability case. And if again, does, you know, probably was a vicarious liability case, but it wasn't presented that way. And often we know it's how things are presented. In fact, in in casino, when the plaintiff argued that well, and in Sorrell's, you know, you use this standard and the court and, you know, point out that's because the defendant didn't argue anything different. So it's always important to what arguments are raised in a particular case. But certainly when there's a direct crew member to passenger injury, and then there will also be going to be a continuum, and I'm not sure you can draw a right line. Um, and there may be cases where you can sue on under both theories. Um, if I have more time with you, in case I cited in a brief that's still pending a district court has a take some time for rebuttal, and we'll we'll hear from you again. Thank you. Mr. McKelvin. You're muted, Mr McKellan. Yes. May it please the court. It's Richard McAlpin here in my office in Miami on behalf of Norwegian Cruise Line. Um, what the appellate would have the court do is overruled Keith and overrule over 30 years of general maritime law in the United States by obviating the need for a notice requirement in in the specific kind of case where the plaintiff pled vicarious liability as a method of proving their case, and that's simply not warranted. Um, what's clear in this case is that, um, Chief Judge Moore granted summary judgment predicated upon complete lack of showing of any kind of notice. Prior notice of the risk creating condition by the plaintiff in response to motion for summary judgment. They just presented nothing. In fact, your honors, the complete response to the motion consisted of two sentences with zero case law noted. And what the plaintiff said is not what we're now that we don't have to provide notice. What the plaintiff below said is that in these kinds of cases, notice is presumed. I'll quote from the response. Notice is presumed under such circumstances because it is presumed that the defendant has notice of its own actions. That's different than what the appellant is presenting now, and that's why the argument has been waived because it was different below that. It's presumed. Now the argument is their notice is not required in cases where I alleged vicarious liability. Well, here's one line that I mean, I you know, I think, um, Mr Parish is right to sort of concede that this wasn't presented as fulsomely as it should have been. But they did say this. This is a quote quote. The no notice defense does not apply when a defendant takes a direct action that injures plaintiff in quote. Why? Why doesn't that preserve the issue? Well, your honor, I don't. The word vicarious liability doesn't appear there now. You could. You could make an argument that it appears in the complaint, but it's certainly not. It's not argued or articulated in the in the response to the motion for summary judgment. Direct action. Uh, that's I'm not sure if that's supposed to mean vicarious liability because, uh, as you know, it's been pointed out, Mr Caskey wasn't sued. He wasn't a defendant in the case. So I just think the argument presented now that there is there should be an exception for vicarious liability in this context is is something which is being brought to the court's attention for the first time. And the judge more really didn't have a chance to to argue to to to rule on, I should say the side waiver if they had raised it in a way that we all agreed was appropriate at the district court. Then at that point, do you think that they went here and we reverse the summary judgment decision? Not at all. Grant, because, um, because the judge did consider it, Judge Moore did consider it and Judge Moore noted that and I would know that Keith, which is sort of the fountainhead, which, you know, um, clarifies Camara and relies upon some other cases from the Second Circuit. Keith, you know, articulates and clarifies this notice requirement. It contained no limiting language. It contained no limiting language is set forth the duty of the ship owner in these instances, and the courts have fleshed that out. This court has fleshed that notice requirement out in subsequent decisions, and I would direct the court's attention to the KT against, um, Royal Caribbean case cited in your honor the grants decision into Surio. And the KT case says in a quote, the duty to protect passengers is informed, if not defined by its knowledge of the dangers they face on board. That's the KT. It's the case to address a case that I'm I'm having difficulty with the Doe versus Celebrity Cruises case. There we said that Keith and Everett were quote, physical condition cases. And then we kind of distinguish those cases from other cases where crew members hurt passengers. What do you say about that? Sure. Of course, Doe is a sexual assault case, crew against passenger, and the standard of care is much different. The standard of care is strict liability when you have a crew member sexually assaulting a guest. So the standards of care are different. Now in passing, they may say those that Keith is a premises liability case and Everett's a premises liability case. But certainly the cases from this circuit have gone well beyond that in terms of requiring notice in cases other than premises liability cases. And, for example, I would direct the court's attention to Broberg against Carnival. Broberg is an alcohol over service case. Mr Parish handled it both at both below and on appeal, and Broberg was a case of vicarious liability. The claim is that the crew members over served the guest, and Broberg is a non premises liability case. And in Broberg, the court said, Look, there's just no notice to the ship owner that the guest was so intoxicated so as to be a danger, serious danger to herself. So there you have a vicarious liability case involving a non premises liability. Notice is front and center. In addition to that, your honor, we have the crew case against celebrity cruise line. It involves a game as well, just like this case did. It involved a game. It's a vicarious liability case. 11 circuit case. It involved a non premises liability where the guest was injured during a game, and the claim was that the crew member was negligent, and therefore the cruise line was at fault legally liable because the crew member negligently conducted the game by telling these guests to run. We see this also in the KT versus Carnival case, where it's a passenger on passenger sexual assault. And the court says, of course, that notice is a precondition in that instance, because again, the knowledge creates the duty. The notice is what creates the duty. So you never get to the duty part if you don't satisfy the and Judge Grant articulated that very well in the Tesorio case, because what we're seeing is these attacks over the years on the notice requirement. And in the Tesorio case, I call it the collapsing carriage chair case. We saw an attempt to use the doctrine of race. It's a lock with tour to defeat the notice requirement. Just like in this case, we're seeing the use of the doctrine of vicarious liability to try to defeat the notice requirement. And what? What? What? Judge Grant says, No, race. It's a lock with tour is a way to prove negligence. It's a way to satisfy your burden in that regard, but it doesn't obviate the notice requirement. And you could say that was pretty clearly a premises liability case. It was. It was. But again, but again, your honor, there are plenty of cases that I can cite. We studied them on our brief where this same notice requirement is used in cases other than premises liability case. Let me ask you. Let me ask you a question about how your how this would kind of work in practice. So, I mean, let's say that in, you know, in this case, it was sort of the crew member spun the plaintiff around until she fell down. I mean, let's say the crew member had just, like, pushed her off the deck and so just decided just to push her off the deck. What would how? What exactly would the plaintiff do there? How would the plaintiff even get to the point of showing notice? What would be asking notice of? Right. Well, I guess that might be an intentional court case. That might be something different. That might be an intentional action. So maybe the analysis would be different. But, you know, the plaintiff in these in the cases that we're speaking of the run of the mill case. Yes, you could. You could show notice. You could show notice by or the plaintiff could show not you need, but the plan could show notice by showing that the game, the game in and of itself was a problem based upon, you know, prior complaints based upon prior accidents. The plaintiff could show notice by showing that the dancer himself had been, you know, people had complained about the dancer or there were, it was obvious from other crew members or management that he was acting inappropriately or too aggressively, that there were complaints against him or that there were complaints by reason of just, um, of, you know, guests complaining of dancing with crew members generally. And so don't people sometimes just do negligent, careless, dumb things once. Right. I mean, I think certainly if you had a person who is serially negligent and they're dancing, that would constitute notice. But is there a Is there a first time violation rule where if someone's harmed on a cruise ship, ordinary principles of vicarious liability don't apply? Well, you're raising the question of like I called the way of the one free bite rule, you know, that maybe or the one free act rule and the courts of the courts have talked about that. Look, the law, I don't think it's perfect, but in order to if you get rid, if we get rid of the notice requirement, we're imposing liability on the ship owner as an insurer. And that's the whole basis for keef in America in the beginning. That is a reasonable care standard, not a strict liability standard, not an insurer type standard. So that's the reason for the notice requirement. If it's just a one time act, I suppose, in a certain circumstances, one could construct an argument that oh, well, you haven't met the notice requirement again. The courts have dealt with that and said, you know, that's a that's I guess there's some kind of a possibility. So is it fair to say that your argument and correct me if I'm wrong. So I mean, is it fair to say that your argument is that there might be vicarious liability for intentional torts of crew members, but no vicarious liability for negligent torts of crew members? Is that kind of what you're saying? Well, I wouldn't go so far as to say that a ship owner would be would be liable for an intentional tort. Um, I guess it would depend on the training would depend on the circumstances of the particular case. I just don't know. I haven't really considered that your position is just no vicarious liability no matter what. No, no, that's not correct. Okay. Well, then what is I'm just the maritime law. The maritime law recognizes vicarious liability has done so for many, many years. You know, when Keith was was was issued vicarious liability back in 1989, vicarious liability was alive and well in maritime law. That's nothing new. And Franza just was an offshoot of that. And, you know, said that in the appropriate circumstances, a ship owner could be vicariously liable for the negligence of a doctor if it could control the doctor. So vicarious liability is a lot always been alive and well in the general maritime law. But that is that's a way of proving negligence. That's not a satisfaction of the notice requirement. So the notice goes to the duty before. And so that's I just I'm really just having a I think the answer is that, yes, the notice requirement for vicarious liability is basically you're not liable for your own negligence. You're liable for something that someone else has done. You're vicariously liable. Correct. It doesn't matter whether you did something wrong. It seems like grafting a notice requirement on that would make it direct liability. You're not liable for what someone else did. You're liable for what you did. You had notice of this defective condition or this problem and you didn't solve it. How am I misunderstanding this? I think I think the answer is that, yes, the notice requirement is a I'm repeating a precondition to to the duty in and of itself. Otherwise we're making the ship owner the insurer. Okay. Um, and that's just not what the law has been. So to to obviate to to dispense with the notice requirement in this context would would just throw out would throw out 30 plus years of maritime law in the whole United States of America. And and we see these attacks on it over the years, just like we saw the racist lock with her attack. Now we're seeing the the um vicarious liability argument is really no different conceptually when they make the argument that racist lock would are obvious to notice requirement. Yes, that was a that was a premises case, but we've got plenty of non premises cases. We've got, we've got a case involving, you know, the court saying that the the um the risk creating condition is the is the danger of a snake bite on a shore excursion in a rainforest. We've got a case that was the is Isabel case. We've got smaller car is a zip line tour case. The cruise line can't be held liable if it didn't have knowledge of of the of the dangerous uh condition of the zip line. We've got the finale case, which is the salmonella case where the court required notice of the possibility of getting salmonella from a kiddie pool. You've got the um you've got the chaparro case where the court held that um the ship owner only had a duty to warn of dangers of gang violence that it knew about. These are all non premises liability cases. Now some of them are due to warn cases agreed, but the duty to warn and the duty, the duty to act reasonably are, you know, are informed if not defined by notice as the KT court said. And I think that's correct to me if I'm if I'm missing something, but have you cited a case that's based on vicarious liability for the negligence of one crew member where we enforced a notice requirement of the that you're trying to ask us to enforce today? Well, the the Broberg case could be. We don't know how many bartenders were involved there. Your problem. There's that's unpublished. We have the crude case here. You G against celebrity cruise lines. And that is that's the game case. That's the trivia musical trivia case where vicarious liability was alleged for the negligent act of the organizer of the game. The M. C. Of the game. The game was to name that tune sort of a thing. And if you could name the tune, you ran up to to the microphone, got the microphone and shouted the name. Wasn't that wasn't that a premises liability case in the sense that the game itself was dangerous, not that the person did anything to harm negligently harm the passenger. The case says that the plaintiff subsequently sued the defendant. I'm reading from prove asserting one kind of negligence in one counter vicarious liability. Specifically, she alleged that the defendant was negligent for creating in a reasonably dangerous condition and failing to warn passengers about it. And would you read the case? I believe I believe the negligence was in running, allowing us to run toward the microphone and grab the microphone in this confined shipboard space. So that would be a direct, I think, a direct response to your honor's question. Thank you, Mr McAlpin and Mr Parish. You say some time for rebuttal. So we'll be happy to hear from you. Thank you. Starting with the last case mentioned in Krug. As this court knows, you decide issues that are presented to you. Uh, include. Nobody presented this issue to the court and the claim there. It was a premises light, but the claim there wasn't. It was a dangerous condition. The person tripped over something because they were running. Now, if we, in addition to alleging that, uh, crew member Kasky, uh, directly injured the plaintiff had also alleged that they never should have had this dancing with the stars. And that might be a direct liability case against the cruise line, but it wouldn't be a premises liability case. It wouldn't involve necessarily a dangerous condition. But in any event, the crude case doesn't apply. Broberg. We did not raise this issue in Broberg. The issue there really was, was there evidence of notice? So clearly we weren't raising this. That was what we raised on appeal. Was there the number of drinks that we served and should should the bartender have noticed that the person had been, uh, was out of control, essentially. Um, so we're not trying to overrule 30 years of law. We're trying to enforce 110 years of law. The ramjet case, uh, was decided considerably sooner than Keith. But any event, the cases are quite distinct. It's very easy. This reversing this case would not do any disservice to Keith at all, because in this case, as the court noted in Doe and circle back to Judge Brasher's question, though, drew the distinction between premises liability cases and direct injury by a crew member. It just so happened that in that case it was a sexual assault and intentional toward the difference between this gets to your other question, Judge Brasher that you posed to Mr McAlpin. Um, vicarious the cruise lines vicariously liable in both instances. Now, if it's intentional to work, whether it's a sexual assault or intentionally pushing someone off the deck, then it's strict liability, and you don't really have to prove anything other than the app. In this instance, it's a direct injury by a crew member under a negligence theory in which we still have to prove that the crew member himself was negative. They're gonna He's gonna say she let go of my hand. And so the jury would decide, Well, which was it? You know, uh, was this crew member death? If the crew members negligent, the jury's gonna be that NCL is liable vicariously for the crew members. Now, uh, so the difference and I would point out that in dough and footnote 19. Um, this court said Kermer Act did not overruled rocket or jokes. Those were two prior, um, sexual assault cases. Uh, however, and involves not an employee's toward against the passenger, but a passenger's fall down a defectively constructed staircase. So this court's already made the distinction between vicarious liability, whether it's intentional or unintentional. Um, a crew member, which directly injures a passenger and a premises liability case, which is what Keefe and Everett and Kornberg and then, you know, the dozens and dozens of other decisions which discuss how one proves notice and whether notice was proven sufficiently. Uh, we reversing this decision by Judge Moore would not, uh, in any way affect that case law. Um, let me ask you, let me ask you that just, um, you know, I think you're maybe you're probably right about that. Um, but you're a repeat player here. And so let's go back to the spilled coffee case. Like, so it just strikes me that whenever there's premises liability on a cruise ship because it's not, you know, undeveloped land or something, it's a ship that someone built and someone maintains. There's always gonna be some crew member that you could point to and say, you're the one who spilled the coffee, or you're the one who didn't fix the board, or you're the one who, you know, negligently, you know, whatever with the carpet, right? I guess, where's the line? It just seems like there's just a really mushy line there that we would be creating. What do you say about that? Well, so I push back gently on that. I don't think you can always point to a crew member that quite often. It's we don't know how that thing got on the ground, whether it's a spilled drink or butter or whatever. There are. There can be speculation. Sometimes the CCTV camera will show that there was a particular crew member there, which is what happened in Zeno. Um, you know, a case where, say, there's a stair nosing that's over time has has become misshapen or or screw has become loose over time. Now you could say, well, they're supposed to inspect those all the time. The last crew member who was supposed to inspected that day he was vicarious. He was actively negligent. I think in a case like that, where it's something that it's either a permanent condition, a condition that occurs over time, or it's a foreign substance, but nobody really knows how it got there, then you're not going to have, uh, an allegation, or at least not one that's gonna be particularly viable of vicarious liability. The case I was starting to reference, um, and I want to be careful here because it's still pending before the district court involved a bunk bed, which has a screw and came down and hit a passenger on the head in the lower bunk. They're put up during the day. This was during the day. In that case, the steward is supposed to check it every day. Now that case could be analyzed under both scenarios. If if a jury were to find that that steward that day failed to check it, that's probably closer to a vicarious liability situation. If they just determined that over the course of several months, for whatever reason, or years that the screw itself was coming undone, um, enjoyed side that that that's more of a premises liability. I agree that there will be like in most cases, you know, when you get somewhere on the spectrum, you don't have a vicarious liability, but that's that's to be ferreted out with discovery and with a summary judgment. If you've brought a vicarious claim and it's not a vicarious claim, then that could be decided at the summary judgment stage if there's no proof of it. Or there could be cases that gets sent to a jury on on two different theories, depending upon the facts. Our case happily in this instance is clearly a case of vicarious liability because it is a direct physical contact between a crew member and a passenger like Ram Jack was in 1911. Uh, and and like Franza, that's that's a direct injury from a doctor crew member to a there. There will be maybe some cases down the road where there's the lines little blurred. But I think the court needs to establish that when there is a clear case of vicarious liability on when the plaintiff can establish a theory of vicarious liability sufficient to go to the jury, then it should go to the jury on that theory. Thank you, Mr Parish. Uh, unless my colleagues have more questions for you, I think that concludes the argument and we've got your case. We appreciate the presentation. And today the court only had one case. So we are in recess.